**SEALED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.

AUG 12 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

CASE NO.

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.                                          **Filed Under Seal**

WELLS REAL ESTATE INVESTMENT, LLC,
JANALIE C. JOSEPH
A/K/A JANALIE C. BINGHAM, and
JEAN JOSEPH,

    Defendants, and

CAMBRIDGE REAL ESTATE MANAGEMENT, LLC,
60 YACHT CLUB, LLC, 112 SOUTH OLIVE, LLC,
791 PARKSIDE HOME, LLC, 910 PARKSIDE, LLC,
930 PARKSIDE, LLC, 976 PALM BEACH SQUARE, LLC,
1070 BOCA RATON SQUARE, LLC,
2082 PARADISE PALM, LLC,
2295 CORPORATE BLVD LLC, 4050 NW, LLC,
4100 HOSPITAL OFFICE, LLC, 4800 FEDERAL, LLC,
7352 VALENCIA, LLC, 7483 VALENCIA, LLC,
BOCA DEERFIELD PROPERTIES, LLC,
DAYBREAK HOME, LLC,
GLOBE OFFICES, LLC,
GLOBE PROPERTY OFFICES, LLC,
LW SQUARE OFFICE, LLC,
MARTINIQUEÂ INVESTMENTS LLC
    a/k/a MARTINIQUE'S INVESTMENTS LLC,
OAKLAND LAND PROPERTY, LLC, and
SOUTH OLIVE OFFICE, LLC,

    Relief Defendants.
_____/

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
EMERGENCY *EX PARTE* MOTION AND
MEMORANDUM OF LAW FOR APPOINTMENT OF RECEIVER**

Plaintiff Securities and Exchange Commission (the "Commission") seeks an order appointing a receiver over Wells Real Estate Investment, LLC ("Wells") and affiliated entities named as relief defendants in this action (the "Relief Defendants")[1] (collectively, the "Wells Entities"), with full and exclusive power, duty, and authority: to administer and manage the business affairs, funds, tangible and intangible assets, choses in action, and any other property of the Wells Entities; to marshal and safeguard Wells Entities' assets, and; to take whatever actions are necessary for the protection of defrauded investors in this case.

I.   **FACTUAL BACKGROUND**

The Commission incorporates the factual discussion (Section VI) from its Emergency *Ex Parte* Motion for and Memorandum of Law for Asset Freeze and Other Relief (the "Emergency Motion").

II.   **APPOINTMENT OF A RECEIVER IS APPROPRIATE**

A receivership is an equitable remedy that federal courts routinely enlist to effectuate the remedial purposes of the securities laws. *See, e.g., SEC v. First Fin. Group of Texas*, 645 F.2d 429, 438 (5th Cir. 1981) ("the appointment of a receiver is a well-established equitable remedy available to the SEC in its civil enforcement proceedings"); *SEC v. Keller Corp.*, 323 F.2d 397, 403 (7th Cir. 1963) (affirming district court's appointment of receiver and providing that the "district court was vested with inherent equitable power to appoint a trustee-receiver under the facts of this case. The prima facie showing of fraud and mismanagement, absent insolvency, is enough to call into

---

[1] Relief Defendants are: Cambridge Real Estate Management, LLC, 60 Yacht Club, LLC, 112 South Olive, LLC, 791 Parkside Home, LLC, 910 Parkside, LLC, 930 Parkside, LLC, 976 Palm Beach Square, LLC, 1070 Boca Raton Square, LLC, 2082 Paradise Palm, LLC, 2295 Corporate Blvd LLC, 4050 NW, LLC, 4100 Hospital Office, LLC, 4800 Federal, LLC, 7352 Valencia, LLC, 7483 Valencia, LLC, Boca Deerfield Properties, LLC, Daybreak Home, LLC, Globe Offices, LLC, Globe Property Offices, LLC, LW Square Office, LLC, Martiniqueâ Investments LLC a/k/a Martinique's Investments LLC, Oakland Land Property, LLC, and South Olive Office, LLC.

play the equitable powers of the court."); *see generally* Section 21(d)(5) of the Securities Exchange Act of 1934, 15 U.S.C. §78u(d)(5) ("In any action . . . brought . . . by the Commission under any provision of the securities laws, the Commission may seek, and any Federal Court may grant, any equitable relief that may be appropriate or necessary for the benefit of investors."). Appointing a receiver is "particularly necessary in instances in which the corporate defendant, through its management, has defrauded members of the investing public[.]" *First Fin.,* 645 F.2d at 438. "[I]n such cases, it is likely that, in the absence of the appointment of a receiver to maintain the status quo, the corporate assets will be subject to diversion and waste to the detriment of those who were induced to invest..." *Id.*; *see also SEC v. R.J. Allen & Assocs., Inc.*, 386 F. Supp. 866, 878 (S.D. Fla. 1974). A receiver is appropriate when it is obvious that those in control of an entity, who have inflicted serious harm in the past, must be ousted. *See SEC v. Bowler*, 427 F.2d 190, 198 (4th Cir. 1970) (reversing district court's order denying appointment of receiver and directing district court to appoint receiver for corporate defendants after Commission made a "prima facie showing of fraud and mismanagement[,]" and stating that it "is hardly conceivable that the trial court should have permitted those who were enjoined [in earlier temporary restraining order] to continue to control [corporate defendant's] affairs for the benefit of those shown to have been defrauded.").

As detailed in the Emergency Motion, Defendant Wells, its CEO Defendant Janalie C. Joseph, a/k/a Janalie C. Bingham ("Bingham"), and her husband, Defendant Jean Joseph ("Joseph") (collectively, the "Defendants"), have been operating a fraudulent Ponzi scheme and offering fraud that has raised approximately $56 million from at least 660 investors. Holding itself out as a real estate company with a $450 million real estate portfolio, Wells solicits investors nationwide to participate in its real estate business by investing in Wells' promissory notes, which purportedly pay annual returns ranging from 12% to as high as 33%. Contrary to representations

to investors about the size of its portfolio and use of investor funds, Defendants used only a fraction of investor funds to purchase properties, which are heavily leveraged. Bingham and Joseph diverted at least $28 million to brokerage accounts in the names of Wells and the Wells Entities, and to engage in speculative options trading that has resulted in losses of approximately $12 million. Defendants have also used millions of investor funds to make Ponzi-like interest and principal payments to other investors, to pay undisclosed commissions to Wells' network of sales agents, and Bingham and Joseph have diverted millions to themselves. Emergency Motion at Sections IV.C.3-4 and IV.D. Given their misconduct,[2] Bingham and Joseph cannot remain in control of the Wells Entities. *See First Fin.*, 645 F.2d at 438.

Moreover, the Wells Entities own and control many residential and commercial real properties. Emergency Motion at Ex. 1, ¶¶ 5, 7, and 9. Several of those real properties are currently subject to state court foreclosure proceedings brought by lenders.[3] A receiver is needed

---

[2] During most of this misconduct, Joseph has been a convicted felon on supervised release. *See U.S. v. Joseph*, S.D. Fla. Case No. 19-20177-CR at DE 39 and 59. Based on recent filings in Joseph's criminal case, a supervised release revocation proceeding was commenced against Joseph, and he stipulated to a $25,000 bond. *Id* at DE 78. Given the revocation proceeding, it is possible that Joseph will be incarcerated again and will be unable to operate the Wells Entities. This is another reason the appointment of a receiver is appropriate.

[3] *See U.S. Bank Trust Co. N.A. v. Boca Square One LLC*, Palm Beach County Case No. 50-2024-CA-005287-XXXA-MB (suing Bingham and Wells subsidiary, Boca Square One, LLC, for mortgage foreclosure and damages); *Panorama Capital Inc. v. Bingham*, Palm Beach County Case No. 50-2023-CA-016470-XXXA-MB (suing Bingham, Wells, and several affiliates/subsidiaries for breach of loan agreement and to enforce collateral agreement); *Best Meridian Ins. Co. v. LW Square Office, LLC*, Broward County Case No. CACE24001992 (suing Bingham and Wells subsidiary LW Square Office, LLC for mortgage foreclosure and damages); *Kiegai LLC v. Boca Deerfield Properties, LLC*, Broward County Case No. CACE24002586 (suing Bingham and Wells subsidiary Boca Deerfield Properties LLC for mortgage foreclosure and damages); *Rosenthal v. 60 Yacht Club LLC*, Palm Beach County Case No. 50-2024-CA-004161-XXXA-MB (suing Bingham and Wells subsidiary 60 Yacht Club LLC for mortgage foreclosure and damages); *Dolphin Day Lending LLC v. 1070 Boca Raton Square LLC*, Palm Beach County Case No. 50-2023-CA-016541-XXXA-MB (suing Bingham and Well's subsidiary 1070 Boca Raton Square LLC for mortgage foreclosure and damages).

to administer and manage the Wells Entities' business affairs, funds, tangible and intangible assets, choses in action, and any other property of the Wells Entities, marshal and safeguard the Wells Entities' assets, and to take whatever actions are necessary for the protection of defrauded investors.

Courts in this district have entered similar orders appointing receivers in recent Commission cases involving violations of the antifraud provisions of the federal securities laws. *See SEC v. Complete Business Solutions Group, Inc.*, No. 20-CIV-81205, 2020 WL 9209280 (S.D. Fla. July 31, 2020); *see also id.* at DE 141; *SEC v. Royal Benghal Logistics, Inc.*, No. 23-61179-CIV, DE 11 (S.D. Fla. June 21, 2023); *SEC v. BKCoin Mgmt., LLC*, No. 23-20719-CIV, DE 8 (S.D. Fla. Feb. 24, 2023); *SEC v. Kapoor*, No. 23-24903-CIV, DE 28 (S.D. Fla. Jan. 12, 2024).

### III. THE COMMISSION'S RECEIVER RECOMMENDATION

To facilitate the Court's consideration and appointment a receiver, the Commission's staff has solicited expressions of interest from three potential receivers, Andrés Rivero, David Mandel, and Michael Budwick, it believes are well-suited and available to handle this matter, and the credentials of these candidates are attached as Exhibits 1, 2, and 3.  After considering these candidates, the Commission's staff believes the interests of defrauded investors would best be served by the appointment of Andrés Rivero to serve as Receiver for the Wells Entities.

Mr. Rivero, whose credentials are attached as Exhibit 1, is a partner at the law firm Rivero Mestre LLP.  He has extensive experience in complex civil financial and fraud litigation, including in Commission regulatory matters, and in criminal fraud matters and receiverships.  Mr. Rivero has also represented bankruptcy trustees and receivers, and served for five years as a federal prosecutor with the U.S. Attorney's Office for the Southern District of Florida, and while there, was assigned to, among others, the Economic Crimes and Public Corruption sections.

If appointed as Receiver, Mr. Rivero will utilize attorneys at Rivero Mestre LLP, relying primarily on Jorge Mestre and Amanda Fernandez to assist him as counsel in this matter. Mr. Mestre has extensive experience litigating complex financial cases, including banking, accounting malpractice, and directors and officers liability lawsuits. Ms. Fernandez has served as legal counsel for receivers in at least five cases involving the Commission or the Commodity Futures Trading Commission.

Mr. Rivero has agreed to significantly discount his current hourly rate to $350 per hour, down from his usual rate of $1,000 per hour. Mr. Rivero has also agreed to discount the billing rates for his professionals to $395 per hour for Mr. Mestre, reduced from $950 per hour. Similarly, Mr. Rivero has agreed to an hourly rate of $300 per hour for Ms. Fernandez. The associates at Rivero Mestre LLP would work at discounted hourly rates between $200-300, and paralegals would work at discounted hourly rates of $100. Finally, Mr. Rivero has informed the Commission that the Rivero Mestre LLP team has no conflicts of interest in this matter and is ready, willing, and able to serve as Receiver and as counsel to the Receiver in this case. Therefore, the Commission staff recommends Mr. Rivero, who has the capability and experience necessary to carry out the tasks of the Receiver and has indicated a willingness to serve.

As the Commission indicated previously, the Commission has identified two other well-qualified candidates who have no conflicts of interest. Accordingly, if the Court does not agree with the Commission's recommendation, the Commission suggests the Court consider the alternative candidates whose credentials are attached.

IV. **CONCLUSION**

For the reasons described herein and in the Emergency Motion, the Court should appoint Andrés Rivero, or another qualified candidate deemed appropriate by the Court, as a receiver for Wells, including the Relief Defendants.

Pursuant to Local Rule 7.1(a)(2), a proposed order granting this motion and appointing a receiver is attached as Exhibit 4.

No pre-filing conference with counsel for Defendants is required because this is a properly filed *ex parte* motion identified by Local Rule 7.1(a)(3).

WHEREFORE, Plaintiff Securities and Exchange Commission respectfully requests that the Court grant this motion, appoint a receiver for Wells (including the Relief Defendants), enter the proposed order appointing receiver filed with this motion, and grant any additional relief that the Court deems just and proper.

## **LOCAL RULE 7.1(D) CERTIFICATION**

After reviewing the facts and researching applicable legal principles, I certify that this motion presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions. A ruling is requested as soon as possible, and preferably within the next five business days, and at the same time as a ruling on the Commission's contemporarily filed Emergency *Ex Parte* Motion and Memorandum of Law for Asset Freeze and Other Relief. An emergency ruling is necessary to prevent the further dissipation of investor assets and to represent the interests of investors in several state court foreclosure actions against Wells, Bingham, and certain Relief Defendants.

Dated: August 12, 2024					Respectfully submitted:

By: /s/ Brian Lechich
Brian Lechich, Esq.
Florida Bar No. 84419
Email: LechichB@sec.gov
Phone: (305) 416-6257
*Lead Attorney*

and

Hughens Dolisca, Esq.
Florida Bar No. 99744
Senior Counsel
Email: DoliscaH@sec.gov
Phone: (305) 982-6344

**ATTORNEYS FOR PLAINTIFF
SECURITIES AND EXCHANGE
COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, FL 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154