UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 24-80980-CV-MIDDLEBROOKS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

WELLS REAL ESTATE INVESTMENT, LLC,
JANALIE C. JOSEPH
A/K/A JANALIE C. BINGHAM, and
JEAN JOSEPH,

    Defendants.

CAMBRIDGE REAL ESTATE MANAGEMENT, LLC,
60 YACHT CLUB, LLC, 112 SOUTH OLIVE, LLC,
791 PARKSIDE HOME, LLC, 910 PARKSIDE, LLC,
930 PARKSIDE, LLC,
976 PALM BEACH SQUARE, LLC,
1070 BOCA RATON SQUARE, LLC,
2082 PARADISE PALM, LLC,
2295 CORPORATE BLVD LLC, 4050 NW, LLC,
4100 HOSPITAL OFFICE, LLC, 4800 FEDERAL, LLC,
7352 VALENCIA, LLC, 7483 VALENCIA, LLC,
BOCA DEERFIELD PROPERTIES, LLC,
DAYBREAK HOME, LLC,
GLOBE OFFICES, LLC, GLOBE PROPERTY OFFICES, LLC,
LW SQUARE OFFICE, LLC,
MARTINIQUEÂ INVESTMENTS LLC
a/k/a MARTINIQUE'S INVESTMENTS LLC,
OAKLAND LAND PROPERTY, LLC, and
SOUTH OLIVE OFFICE, LLC,

    Relief Defendants.
_____/

**RECEIVER'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH LENDER AND AUTHORIZING RECEIVER TO EXECUTE DEED IN LIEU OF FORECLOSURE**

Andres Rivero, as receiver (the "Receiver") for the Receivership Entities[1] (collectively, the "Receivership Defendants") moves the Court for entry of an Order approving the settlement agreement with lender and authorizing the Receiver to execute a deed in lieu of foreclosure and states:

## INTRODUCTION

976 Palm Beach Square, LLC ("976 Palm Beach") is a Florida limited liability company and a wholly owned subsidiary of Receivership Defendant Wells Real Estate Investment, LLC. On or about May 24, 2022, 976 Palm Beach acquired legal title to certain real property located at 6574 NW 4th Street Margate, FL 33063, folio no. 484136170330, legally described as Lot 5, Block F, ORIOLE MARGATE SECTION 1, according to the Plat thereof as recorded in Plat Book 69, Page 11 of the Public Records of Broward County, Florida (the "Property").

To finance the acquisition, 976 Palm Beach obtained a mortgage loan issued by Highest Expectations, Inc. ("Highest Expectations" or "Lender"). On around May 1, 2024, 976 Palm Beach defaulted on the mortgage loan by failing to make the payment due on that date and remained in default timely payments as required.

On August 14, 2024, the Receiver was appointed and took over several Receivership Entities, and their properties, including the property owned by 976 Palm Beach. Upon investigation, the Receiver discovered that the Property was occupied by a tenant, and that 976 Palm Beach defaulted on its mortgage payments to Highest Expectations.

---

[1] Wells Real Estate Investment, LLC and relief defendants Cambridge Real Estate Management, LLC, 60 Yacht Club, LLC, 112 South Olive, LLC, 791 Parkside Home, LLC, 910 Parkside, LLC, 930 Parkside, LLC, 976 Palm Beach Square, LLC, 1070 Boca Raton Square, LLC, 2082 Paradise Palm, LLC, 2295 Corporate Blvd. LLC, 4050 NW LLC, 4100 Hospital Office, LLC, 4800 Federal, LLC, 7352 Valencia, LLC, 7483 Valencia, LLC, Boca Deerfield Properties, LLC, Daybreak Home, LLC, Globe Offices, LLC, Globe Property Offices, LLC, LW Square Office, LLC, Martiniqueâ Investments, LLC a/k/a Martinique's Investments LLC, Oakland Land Property, LLC, and South Olive Office, LLC,

Prior to the Receiver's appointment, Highest Expectations initiated foreclosure proceedings [2] against 976 Palm Beach due to the loan default. The Receiver expeditiously reached out to the lender in hopes of settling its claim. The Receiver and Highest Expectations have since been in negotiations and have agreed to settle Highest Expectations' claim against 976 Palm Beach Square through the Receiver's execution and delivery, subject to Court approval, of a Deed in Lieu of Foreclosure conveying the Property to Lender on an "as is," "where is," and "with all faults" basis, without representation or warranties of any kind in exchange for a total sum of $8,500.00 (the "DIL"). As discussed further below, the Receiver believes disposition of the Property through the DIL contemplated in the settlement will overall benefit the Receivership Estate and harmed investors.

## BACKGROUND

### I.  The Receivership Order

On August 13, 2024, the Securities and Exchange Commission ("SEC") filed its' Complaint for Injunctive and Other Relief against the Receivership Defendants, Janalie C. Joseph A/K/A Janalie C. Bingham ("Bingham"), and Jean Joseph (the "SEC Action") [ECF No. 1].

On August 14, 2024, the Court entered a Sealed Order Granting the SEC's Emergency Ex Parte Motion and Memorandum of Law for Appointment of Receiver ("Receivership Order") [ECF No. 11], appointing Andres Rivero as Receiver for the Receivership Defendants. The Receivership Order grants the Receiver authority to take custody, control, and possession of all Receivership Property from any Receivership Defendant. *See* Receivership Order at §7(B).

---

[2] On July 19, 2024, Highest Expectations filed its Verified Complaint of Mortgage Foreclosure in the case styled as *Highest Expectations, Inc. v. 976 Palm Beach Square, LLC, Janalie Joseph, and Unknown Tenant*, Case no. CACE24010188 (the "Foreclosure Action"). The Receiver has since stayed the Foreclosure Action.

3

The Receiver is authorized to transfer, dispose of, or sell real property either at public or private sale, in the Receivership Estate on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property, and is authorized to sell, and transfer clear title to, all real property in the Receivership Estate, pursuant to such procedures as may be required by the Court and additional authority such as 28 U.S.C. § 2001 and 2004. *See id.* ¶¶ 31-33.

Additionally, the Receivership Order empowers and directs the Receiver to make compromises as may be reasonable, necessary and advisable to recover or conserve Receivership Property. *See id.* ¶ 36.

## II. The 976 Pam Beach Property and Mortgage

976 Palm Beach Square acquired title to the Property on or about May 24, 2022. To finance the purchase of the Property, on May 26, 2022, 976 Palm Beach executed and delivered a promissory note (the "Note") and mortgage securing the Note (the "Mortgage") to Highest Expectations in the principal amount of $328,000.00 (collectively the "Loan Documents"). A copy of the Loan Documents is attached as **Exhibit A**.

976 Palm Beach defaulted on the Note by failing to make the payment due on May 1, 2024, and subsequent payments due on the Note. The Note matured on May 26, 2024, at which point the remaining balance left to pay off the Loan Documents became due.

Upon his appointment, the Receiver obtained copies of the Loan Documents and confirmed that Highest Expectations is the current holder of the Note. Upon inquiry, Highest Expectations advised that it had initiated foreclosure proceedings against 976 Palm Beach due to the loan default. The Receiver successfully stayed the Foreclosure to preserve the value of the Property and pursue a course of disposition in the best interest of the Receivership Estate.

On further inquiry, the Receiver discovered that there was a tenant residing in the Property. The Receiver reached out to the tenant, advised the tenant of the SEC Action, provided the tenant with copies of the Receivership Order, and requested that the tenant make direct rent payments to the Receiver. The tenant initially expressed he would make rent payments to the Receiver. However, no such payments were made. The Receiver made several attempts to collect back due rent from the tenant to no avail. After several failed attempts to collect rent from the tenant, on around March 18, 2025, the Receiver initiated eviction proceedings against the tenant. During the eviction proceedings, the tenant vacated the Property. After the tenant vacated the Property, the Receiver took possession of the Property and changed all locks to secure the Property.

Because the amount owed to Highest Expectations exceeded the market value of the Property, and the Property was encumbered by a code enforcement lien that continues to accrue daily penalties, the Receiver determined that a sale of the Property would not generate sufficient proceeds to cover the debt. Considering these factors, the Receiver agreed with Highest Expectations to provide a deed in lieu of foreclosure in exchange for a fixed payment of $8,500. As discussed below, the Receiver also secured additional favorable terms from Highest Expectations, including a full release of claims.

### III. The Proposed Settlement Terms with Highest Expectations

The Receiver has negotiated a proposed Settlement Agreement with Highest Expectations to resolve and settle its claim against the Property. A copy of the proposed Settlement Agreement is attached as **Exhibit B**.

The terms of the Settlement Agreement state that if the Court approves the Settlement Agreement, Highest Expectations will agree to accept a DIL in exchange for a net payment of $8,500.00 made to the Receivership Estate and: (a) the dismissal of 976 Palm Beach as a party

5

defendant from the State Foreclosure Action; (b) the waiver of any and all deficiency claims against 976 Palm Beach Square, the Receiver, the Receivership Estate, and any of their respective principals, affiliates, agents, successors, assigns, or any guarantor(s), if any, of the Loan documents; and (c) the exchange of mutual releases between Highest Expectations and the Receiver of any and all claims, liabilities, and obligations of any kind, including but not limited to the claims alleged in the State Foreclosure Action, and any other claims, whether known or unknown, fixed or contingent arising out of or relating to the Property, the Loan Documents or the underlying indebtedness. *See* Ex. C ¶ 2.

The Settlement Agreement resolves all claims the Receiver and Highest Expectations may have against each other regarding the Property and the Loan Documents. The Receiver believes the terms of this settlement are beneficial to the Receivership Estate.

## MEMORANDUM OF LAW

The Receivership Order authorizes, empowers and directs the Receiver to make compromise as may be reasonable, necessary and advisable to recover or conserve Receivership Property. *See* Receivership Order ¶ 36. The Receiver believes that approving the settlement with the Highest Expectations is advisable and will benefit the Receivership Estate.

"A district court has broad powers and wide discretion to determine relief in an equity receivership." *SEC. v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992). The district court has the power to approve a settlement that is fair, adequate, reasonable, and is the product of good faith following the adequate investigation by the receiver. *See Sterling v. Steward*, 158 F.3d 1199, 1203 (11th Cir. 1998). "Determining the fairness of the settlement is left to the sound discretion of the trial court and we will not overturn the court's decision absent a clear showing of abuse of that discretion." *Id.* at 1202 (quoting *Bennett v. Behring Corp.*, 737 F. 2d 982, 986 (11th Cir. 1984).

To determine whether a settlement is fair, the court should examine the following factors: "(1) the likelihood of success; (2) the range of possible [recovery]; (3) the point on or below the range of [recovery] at which settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Id.* at 1203 n.6 (citing *Bennett*, 737 F. 2d at 986 (11th Cir. 1984)).

Here, the Settlement Agreement should be approved. One of the primary goals of a receivership is to recover assets that can be administered for the benefit of the Receivership Estate and harmed investors. Approving the settlement with the lender and authorizing the Receiver to execute the required documents on behalf of 976 Palm Beach to convey title to the Property through a DIL in accordance with the terms of the Settlement Agreement will most expeditiously further the goals of the Receivership. The conveyance of the Property will result in additional cash being deposited into the account for the Receivership Estate and minimize any claims or potential litigation that may be brought by Highest Expectations, or other creditors.

Moreover, the Property is currently vacant and does not produce income. The Receiver is incurring ongoing costs, including paying for electricity, and using Receivership funds to maintain the Property. And, the code enforcement lien continues to accrue daily penalties. Continuing to hold the Property would result in a financial drain on the Receivership Estate if the Receiver would have to continue to maintain the Property, find viable tenants, and pay back lenders or other creditors such as Highest Expectations.

Additionally, the Settlement Agreement contemplates Highest Expectations releasing 976 Palm Beach, the Receiver, and the Receivership Estate from any liability as it relates to its claims against the Property and arising out of the Loan Documents. As stated above, Highest

Expectations has a mortgage lien against the Property and has agreed to accept the DIL in exchange for a net sum amount of $8,500.00 in full satisfaction of any and all obligations stated in the loan documents that 976 Palm Beach allegedly owes Highest Expectations.

Before entering into the Settlement Agreement, the Receiver and his counsel carefully considered, and dutifully investigated Highest Expectations' claims against 976 Palm Beach Square. The Receiver consulted with Keyes, the Court-approved broker, who determined that based on comparable market data the highest marketable sale price for the Property is $500,000.00. Given the current state of the real estate market, it is unlikely the Property would sell at this price. The Receiver also considered factors such as:

- the expenses associated with marketing the Property for private sale;
- the costs associated with a private sale;
- the amount purportedly owed to Highest Expectations and the likelihood to yield a profit from the a private sale of the Property sufficient to satisfy Highest Expectations' claims;
- the potential of Highest Expectations instigating litigation 976 Palm Beach Square;
- the delay and expense of litigating such claims;
- the uncertainty of outcome in any such litigation; and
- the possibility of foreclosure in favor of Highest Expectations at a loss to the Receivership Estate.

Based on these considerations, the Receiver believes it is in the best business interest of 976 Palm Beach and the Receivership Estate to enter into the Settlement Agreement.

The Settlement Agreement is a result of extensive, arm's length negotiations conducted among the Receiver and counsel for Highest Expectations and reduces the number of overall claims asserted against the Receivership Estate. Because the Settlement Agreement provides a substantial benefit to the Receivership Estate, and the harmed investors.

Generally, the Receiver's authority to sell real property in the Receivership Estate is subject to procedures required by the Court and additional authority such as 28 U.S.C. § 2001 and 2004. *See* Receivership Order, ¶¶ 32-33. These statutes authorize federal receivers to sell

real property by either public auction with notice of the auction to be published for a certain period of time, or private sale after obtaining three appraisals. The Receiver has conferred with counsel for the SEC, who has consented to waive the mandatory requirements of 28 U.S.C. § 2001(a) and (b) for the sale of the property. On July 16, 2025, the Receiver and the SEC entered into the Stipulation Waiving Requirements of 28 U.S.C. § 2001(a) and (b) in Connection with the sale of the Property (the "Stipulation") [ECF No. 118 at Ex. A]. On July 18, 2025, the Court entered the Order granting the Receiver's Motion for Court Order Approving Joint Stipulation Waiving Requirements of 28 U.S.C. § 2001(A) and (B) in Connection with Sale of Real Property, approving the parties' stipulation and excusing the Receiver from compliance with 28 U.S.C. section 2001 in connection with the sale of the property [ECF No. 119]. *See Huntington Nat'l Bank v. Big Sky Dev. Flint, LLC*, No. 10-10346, 2010 WL 3702361, at *7 (E.D. Mich. Sept. 16, 2010) (noting that the requirements of 28 U.S.C. § 2001 were waived as part of the receivership order to which the parties stipulated); *see also Sec. & Exch. Comm'n v. EB5 Asset Manager, LLC*, No. 15-62323-CIV, 2016 WL 7508252, at *2 (S.D. Fla. Mar. 25, 2016) (stating that "[w]hile the Court may not waive the mandatory requirements of § 2001(b), the parties may" and citing *Huntington Nat'l Bank v. Big Sky* for support).

  Considering the favorable terms of the Settlement Agreement, the parties believe the terms of the private sale are appropriate and warrant waiver of 28 U.S.C. § 2001, which could delay the sale process.

  For these reasons, the Receiver respectfully requests that the Settlement Agreement be approved and that the Receiver be authorized to execute the DIL in favor of the Lender, in accordance with the terms set forth in this Motion

## CONCLUSION

For these reasons, the Receiver believes that approving the settlement with the Association is advisable and will benefit the Receivership Estate.

Wherefore, the Receiver respectfully requests the Court to enter an Order in the form attached hereto as **Exhibit C**: (a) approving the Settlement Agreement; (b) authorizing the Receiver to execute the DIL, and all other documents necessary to finalize and close the conveyance of title to the Property; (c) authorizing the Receiver to take all actions reasonably necessary and not specifically described in this Motion to finalize the terms contemplated in the Settlement Agreement; and (d) such further relief as is just and proper.

## S.D. FLA. L.R. 7.1 CERTIFICATION

In accordance with S.D. Fla. L. R. 7.1(a)(3), I certify that I conferred in good faith with counsel for the SEC, defendant Bingham, and counsel for defendant Jean Joseph and none of parties oppose the relief sought here.

Dated: July 24, 2025

Respectfully submitted,

**RIVERO MESTRE LLP**
*Counsel for the Receiver*
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505

By: */s/ Amanda Fernandez*
    Amanda Fernandez
    Fla. Bar No. 106931
    afernandez@riveromestre.com
    Jorge A. Mestre
    Fla. Bar No. 88145

jmestre@riveromestre.com  
Taylor Diaz  
Fla. Bar No. 1040706  
tdiaz@riveromestre.com

## CERTIFICATE OF SERVICE

I certify that on July 24, 2025, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being electronically served today on all counsel of record through CM/ECF.

*/s/ Amanda Fernandez*
Amanda Fernandez