## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 24-cv-80980-DMM

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

vs.

WELLS REAL ESTATE INVESTMENT, LLC,
JANALIE C. JOSEPH
A/K/A JANALIE C. BINGHAM, and
JEAN JOSEPH,

     Defendants.

CAMBRIDGE REAL ESTATE MANAGEMENT, LLC,
60 YACHT CLUB, LLC, 112 SOUTH OLIVE, LLC,
791 PARKSIDE HOME, LLC, 910 PARKSIDE, LLC,
930 PARKSIDE, LLC,
976 PALM BEACH SQUARE, LLC,
1070 BOCA RATON SQUARE, LLC,
2082 PARADISE PALM, LLC,
2295 CORPORATE BLVD LLC, 4050 NW, LLC,
4100 HOSPITAL OFFICE, LLC, 4800 FEDERAL, LLC,
7352 VALENCIA, LLC, 7483 VALENCIA, LLC,
BOCA DEERFIELD PROPERTIES, LLC,
DAYBREAK HOME, LLC,
GLOBE OFFICES, LLC, GLOBE PROPERTY OFFICES, LLC,
LW SQUARE OFFICE, LLC,
MARTINIQUEÂ INVESTMENTS LLC
a/k/a MARTINIQUE'S INVESTMENTS LLC,
OAKLAND LAND PROPERTY, LLC, and
SOUTH OLIVE OFFICE, LLC,

     Relief Defendants.

_____/

## MOTION TO APPROVE SETTLEMENT AGREEMENT
## BETWEEN RECEIVER AND REYNALD GERMINAL

Andres Rivero as receiver of the Receivership Defendants[1] ("Receiver") moves the Court to enter the accompanying proposed order approving the Receiver's settlement agreement with Reynald Germinal, relating to the Receiver's fraudulent transfer claims[2] against Reynald Germinal in the case styled *Andres Rivero, as Receiver of Wells Real Estate Investment, LLC et al. v. Reynald Germinal,* case no. 25-cv-81003-DMM pending in the United States District Court for the Southern District of Florida (the "Settlement Agreement"), a copy of which is attached as Exhibit A.

## **FACTUAL BACKGROUND**

### I.    **The Receivership Order**

On August 13, 2024, the Securities and Exchange Commission ("SEC") filed its' Complaint for Injunctive and Other Relief against the Receivership Defendants, Janalie C. Joseph A/K/A Janalie C. Bingham ("Bingham"), and Jean Joseph. [ECF No. 1]. On August 14, 2024, the Court entered a Sealed Order Granting the SEC's Emergency Ex Parte Motion and Memorandum of Law for Appointment of Receiver ("Receivership Order") [ECF No. 11], appointing Andres Rivero as Receiver for the Receivership Defendants. Pursuant to the Receivership Order, the Receiver is obligated to, among other things, "take custody, control, and possession of all Receivership Property and record relevant thereto from the Receivership Defendant[.]" Receivership Order [ECF No. 11] at ¶7(B).

---

[1] Receivership Defendants refers to: Wells Real Estate Investment, LLC; Cambridge Real Estate Management, LLC; 60 Yacht Club, LLC; 112 South Olive, LLC; 791 Parkside Home, LLC; 910 Parkside, LLC; 930 Parkside, LLC; 976 Palm Beach Square, LLC; 1070 Boca Raton Square, LLC; 2082 Paradise Palm, LLC; 2295 Corporate Blvd LLC; 4050 NW, LLC; 4100 Hospital Office, LLC; 4800 Federal, LLC; 7352 Valencia, LLC; 7483 Valencia, LLC; Boca Deerfield Properties, LLC; Daybreak Home, LLC; Globe Offices, LLC; Globe Property Offices, LLC; LW Square Office, LLC; Martiniqueâ Investments LLC a/k/a Martinique's Investments LLC; Oakland Land Property, LLC; and South Olive Office, LLC.
[2] Under the Florida Uniform Fraudulent Transfer Act ("FUFTA"), Fla. Stat. § 726.101 et seq.

Among other things, the Receiver is "authorized, empowered, and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal, or foreign court or proceeding of any kind as may in his discretion, and in consultation with Commission counsel, be advisable or proper to recover and/or conserve Receivership Property." *Id.* at ¶36. Subject to the Receiver's obligation to reasonably expend receivership funds, the Receiver is authorized, (after obtaining leave of this Court) to initiate actions and legal proceedings for the benefit and on behalf of the Receivership Estate as the Receiver deems necessary and appropriate. *See id*. ¶37. The Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, recission and restitution, collection of debts, and such other relief from the Court necessary to enforce the order. *See id.*

On August 11, 2025, the Receiver filed his motion for leave to pursue certain claims against third parties [ECF No. 130]. The Court entered its order granting the Receiver's motion for leave to pursue the claims on August 13, 2025 [ECF No. 131]. The Order grants the Receiver express leave to bring third party claims as described in the motion and "other similar claims which the Receiver in his judgment believes should be initiated to recover funds for the benefit of the Receivership Estate." ECF No. 131 at ¶2.

## II.    The Receiver's FUFTA Lawsuit and Claim Against Reynald Germinal

On August 13, 2025, the Receiver filed a complaint against Germinal, asserting fraudulent transfer claims under FUFTA and common law unjust enrichment claims. *See Andres Rivero as Receiver of Wells Real Estate Investment, LLC et al. v. Reynald Germinal*, case no. 25-cv-81003-DMM (the "FUFTA Action"). The FUFTA Action seeks recoveries of fraudulent transfers that were made by the Receivership Defendants while under the control of Janalie C.

Bingham a/k/a Janalie Joseph ("Bingham") and Jean Joseph. As alleged in the FUFTA Action, Bingham and Joseph caused the Receivership Entities to make the subject fraudulent transfers while operating a Ponzi Scheme and in furtherance of perpetuating the fraud that forms the basis of this action.

Among the funds the Receiver seeks to recover in the FUFTA Action are 103 transfers made from the Receivership Entities to Germinal from March 4, 2019, through December 4, 2023, totaling $280,450.00 (the "Transfers"). As alleged in the FUFTA action, the Transfers were comprised of funds that the Receivership Defendants fraudulently obtained from investors or creditors in the form of investments, fees, or other payments made in connection with Bingham and Joseph's fraudulent activities.

### III.   The Proposed Settlement Agreement with Reynald Germinal

On January 27, 2026, the Receiver and Germinal participated in a settlement conference before Magistrate Judge William Matthewman. During the settlement conference, the Receiver and Germinal were able to negotiate a settlement concerning the Receiver's claim to recover the Transfers. The Receiver and Germinal reached a settlement that provides for: (a) a settlement payment of $90,000.00 by Germinal to the Receiver (the "Settlement Amount"); (b) payment of the Settlement Amount within fourteen (14) months of execution of the settlement agreement; (c) mutual releases of any and all claims existing between the Receiver and Germinal as of the effective date of the settlement agreement; and (d) dismissal of the Receiver's claims against Germinal in the FUFTA Action. *See* Ex. A.

## <u>MEMORANDUM OF LAW</u>

"The district court has broad powers and wide discretion to determine relief in an equity receivership." *SEC. v. Elliott*, 953 F. 2d 1560, 1566 (11th Cir. 1992) (citations omitted). "This discretion derives from the inherent powers of an equity court to fashion relief." *Id.* The Court's

broad powers and wide discretion to determine relief in an equity receivership encompasses granting relief with respect to proposed settlement agreements. "Consequently, any 'action by a trial court in supervising an equity receivership is committed to [her] sound discretion and will not be disturbed unless there is a clear showing of abuse.'" *SEC v. TCA Fund Mgmt. Grp. Corp.*, 2022 WL 3334488, at *14 (S.D. Fla. Aug. 4, 2022) (Altonaga, C.J.) (quoting *Bendall v. Lancer Mgmt. Grp., LLC*, 523 F. App'x 554, 557 (11th Cir. 2013)), *appeal dismissed*, No. 22-13412, 2024 WL 448385 (11th Cir. Feb. 6, 2024).

"A district court reviews settlements proposed by receivers for fairness, reasonableness, and adequacy." *SEC & Exch. Comm'n v. 1 Glob. Cap. LLC*, 2018 WL 8050527, at *2 (S.D. Fla. Dec. 27, 2018) (Bloom, J.); *see Sterling v. Stewart*, 158 F. 3d 1199, 1201 (11th Cir. 1998) (approving settlement because receiver acted in good faith and conducted adequate investigation and settlement was fair); *SEC. & Exch. Comm'n v. Quiros*, 2016 WL 9254719, at *2 (S.D. Fla. Oct. 18, 2016) (Gayles, J.) (approving settlement as fair, adequate and reasonable, and well within the range of reasonableness). "Determining fairness is left to the sound discretion of the district court." *1 Glob. Cap. LLC*, 2018 WL 8050527, at *2 (citing *Sterling*, 1158 F. 3d at 1202).

The Receiver's proposed Settlement Agreement with Germinal is reasonable. Germinal has agreed to pay the Receiver a Settlement Amount of $90,000.00 in full satisfaction of the Receiver's claims against him. *See* Ex. A §C. Although the Settlement Amount is lower than the total sum of the Transfers Germinal received from the Receivership Entities, accepting the Settlement Amount is still in the best interest of the Receivership Estate. Entering the Settlement Agreement will expedite resolution of the Receiver's claims against Germinal, reduce litigation costs, and ensure recovery to the Receivership Estate. Additionally, the Receiver has been able to negotiate terms favorable to the Receivership Estate. For example, if Germinal breaches the

Settlement Agreement, the Receiver will be entitled to a judgment in the full $280,450.00 amount the Receiver sought to recover in the FUFTA Action.

Moreover, the Settlement Agreement increases certainty that the Receivership Estate will collect recoveries as it relates to the FUFTA claims against Germinal. By entering into the Settlement Agreement and accepting the Settlement Amount, the Receiver will not have to deal with the risk that comes with enforcing a judgment, such as issues related to collections or appeals.

Accordingly, the Receiver believes the proposed settlement constitutes a fair resolution with respect to the claims against Germinal raised in the FUFTA Action and that the proposed Settlement Amount is adequate and is well within the range of reasonableness. Notably, if approved, the Receiver will recover a total of $90,000.00 to be paid for the benefit of the Receivership Estate and administered to defrauded investors and other creditors.

## CONCLUSION

The Receiver respectfully requests the entry of an order substantially in the same form as the proposed order attached as Exhibit B: (a) approving the Settlement Agreement with Germinal; (b) approving the proposed Settlement Amount as defined in the Settlement Agreement; (c) authorizing the Receiver to enter into the Settlement Agreement; and (d) granting such other relief that the Court deems just and proper.

## S.D. FLA. L.R. 7.1 CERTIFICATION

In accordance with S.D. Fla. L. R. 7.1(a)(3), I certify that I conferred in good faith with counsel for the SEC and counsel for Janalie Bingham who do not oppose the relief requested here. I further certify that I conferred with counsel for Jean Joseph who takes no position.

Dated: February 5, 2026

Respectfully submitted,

**RIVERO MESTRE LLP**
*Receiver for the Receivership Defendants*
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505

By: /s/ *Andres Rivero*
Andres Rivero
Fla. Bar No. 613819
arivero@riveromestre.com

## CERTIFICATE OF SERVICE

I certify that on February 5, 2026, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being electronically served today on all counsel of record through CM/ECF.

*/s/ Andres Rivero*
Andres Rivero