**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 24-80980-CV-MIDDLEBROOKS**

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

vs.

WELLS REAL ESTATE INVESTMENT, LLC,
JANALIE C. JOSEPH
A/K/A JANALIE C. BINGHAM, and
JEAN JOSEPH,

     Defendants.

CAMBRIDGE REAL ESTATE MANAGEMENT, LLC,
60 YACHT CLUB, LLC, 112 SOUTH OLIVE, LLC,
791 PARKSIDE HOME, LLC, 910 PARKSIDE, LLC,
930 PARKSIDE, LLC,
976 PALM BEACH SQUARE, LLC,
1070 BOCA RATON SQUARE, LLC,
2082 PARADISE PALM, LLC,
2295 CORPORATE BLVD LLC, 4050 NW, LLC,
4100 HOSPITAL OFFICE, LLC, 4800 FEDERAL, LLC,
7352 VALENCIA, LLC, 7483 VALENCIA, LLC,
BOCA DEERFIELD PROPERTIES, LLC,
DAYBREAK HOME, LLC,
GLOBE OFFICES, LLC, GLOBE PROPERTY OFFICES, LLC,
LW SQUARE OFFICE, LLC,
MARTINIQUEÂ INVESTMENTS LLC
a/k/a MARTINIQUE'S INVESTMENTS LLC,
OAKLAND LAND PROPERTY, LLC, and
SOUTH OLIVE OFFICE, LLC,

     Relief Defendants.
_____/

**MOTION TO APPROVE SETTLEMENT AGREEMENTS WITH ANGELA RUFF,
BANAMERICA FINANCIAL GROUP INC., GIANOTTI FAMILY OFFICES, LLC, AND
<u>FINANCIAL RESCUE & ASSOCIATES, LLC</u>**

Andres Rivero as receiver of the Receivership Defendants[1] ("Receiver") moves the Court to enter the accompanying proposed order approving the Receiver's settlement agreements with Angela Ruff, Banamerica Financial Group, Inc. ("Banamerica"), Gianotti Family Offices, LLC ("GFO"), and Financial Rescue & Associates, LLC ("Financial Rescue") (GFO and Financially are collectively "GFO Defendants") relating to the Receiver's fraudulent transfer[2] and unjust enrichment claims against Ruff, Banamerica, and the GFO Defendants in the case styled *Andres Rivero, as Receiver of Wells Real Estate Investment, LLC et al. v. Banamerica Financial Group Inc. et al.,* Case No. 25-cv-81001-DMM pending in the United States District Court for the Southern District of Florida (the "Settlement Agreement"). Copies of the settlement agreements with Ruff, Banamerica, and the GFO Defendants are attached as Exhibit A, Exhibit B, and Exhibit C, respectively.

## FACTUAL BACKGROUND

### I.       The Receivership Order

On August 13, 2024, the Securities and Exchange Commission ("SEC") filed its' Complaint for Injunctive and Other Relief against the Receivership Defendants, Janalie C. Joseph A/K/A Janalie C. Bingham ("Bingham"), and Jean Joseph. [ECF No. 1]. On August 14, 2024, the Court entered a Sealed Order Granting the SEC's Emergency Ex Parte Motion and Memorandum of Law for Appointment of Receiver ("Receivership Order") [ECF No. 11],

---

[1] Receivership Defendants refers to: Wells Real Estate Investment, LLC; Cambridge Real Estate Management, LLC; 60 Yacht Club, LLC; 112 South Olive, LLC; 791 Parkside Home, LLC; 910 Parkside, LLC; 930 Parkside, LLC; 976 Palm Beach Square, LLC; 1070 Boca Raton Square, LLC; 2082 Paradise Palm, LLC; 2295 Corporate Blvd LLC; 4050 NW, LLC; 4100 Hospital Office, LLC; 4800 Federal, LLC; 7352 Valencia, LLC; 7483 Valencia, LLC; Boca Deerfield Properties, LLC; Daybreak Home, LLC; Globe Offices, LLC; Globe Property Offices, LLC; LW Square Office, LLC; Martiniqueâ Investments LLC a/k/a Martinique's Investments LLC; Oakland Land Property, LLC; and South Olive Office, LLC.
[2] Under the Florida Uniform Fraudulent Transfer Act ("FUFTA"), Fla. Stat. § 726.101 et seq.

appointing Andres Rivero as Receiver for the Receivership Defendants. Pursuant to the Receivership Order, the Receiver is obligated to, among other things, "take custody, control, and possession of all Receivership Property and record relevant thereto from the Receivership Defendant[.]" Receivership Order [ECF No. 11] at ¶7(B).

Among other things, the Receiver is "authorized, empowered, and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal, or foreign court or proceeding of any kind as may in his discretion, and in consultation with Commission counsel, be advisable or proper to recover and/or conserve Receivership Property." *Id.* at ¶36. Subject to the Receiver's obligation to reasonably expend receivership funds, the Receiver is authorized, (after obtaining leave of this Court) to initiate actions and legal proceedings for the benefit and on behalf of the Receivership Estate as the Receiver deems necessary and appropriate. *See id*. ¶37. The Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, recission and restitution, collection of debts, and such other relief from the Court necessary to enforce the order. *See id.*

On August 11, 2025, the Receiver filed his motion for leave to pursue certain claims against third parties [ECF No. 130]. The Court entered its order granting the Receiver's motion for leave to pursue the claims on August 13, 2025 [ECF No. 131]. The Order grants the Receiver express leave to bring third party claims as described in the motion and "other similar claims which the Receiver in his judgment believes should be initiated to recover funds for the benefit of the Receivership Estate." ECF No. 131 at ¶2.

II.     **The Receiver's FUFTA Lawsuit and Claims Against Ruff, Banamerica, and the GFO Defendants**

On August 13, 2025, the Receiver filed a complaint against multiple third parties, including Ruff, Banamerica, and the GFO Defendants, asserting fraudulent transfer claims under FUFTA and common law unjust enrichment claims. *See Andres Rivero as Receiver of Wells Real Estate Investment, LLC et al. v. Banamerica Financial Group Inc., et al*, Case No. 25-cv-81001-DMM (the "FUFTA Action"). The FUFTA Action seeks recoveries of fraudulent transfers that were made by the Receivership Defendants while under the control of Janalie C. Bingham a/k/a Janalie Joseph ("Bingham") and Jean Joseph. As alleged in the FUFTA Action, Bingham and Joseph caused the Receivership Entities to make the subject fraudulent transfers while operating a Ponzi Scheme and in furtherance of perpetuating the fraud that forms the basis of this action.

Among the funds the Receiver seeks to recover in the FUFTA Action are: (i) 97 transfers made from the Receivership Entities to Ruff from March 2, 2021, through August 25, 2023 , totaling $123,089.63 (the "Ruff Transfers"); (ii) 239 transfers made from the Receivership Entities to Banamerica  from February 17, 2021, through April 5, 2023, totaling $1,011,356.61 (the "Banamerica Transfers"); (iii)  52 transfers smade from the Receivership Entities to Financial Rescue from March 19, 2021, through July 6, 2023 totaling $201,570.05 (the "Financial Rescue Transfers"); and (iv) 26 transfers made from the Receivership Entities to GFO from May 22, 2023, through December 26, 2023, totaling $113,438.72 (the "GFO Transfers") (the Financial Rescue Transfers and GFO Transfers are collectively the "GFO Defendants Transfers"). As alleged in the FUFTA action, the Transfers were comprised of funds that the Receivership Entities fraudulently obtained from investors or creditors in the form of investments, fees, or other payments made in connection with Bingham and Joseph's fraudulent activities.

### III.     The Proposed Settlement Agreements with Ruff, Banamerica, and GFO Defendants

On June 2, 2026, the Receiver, Ruff, Banamerica, and the GFO Defendants participated in a settlement conference before the presiding Magistrate Judge William Matthewman. During the settlement conference, the Receiver, Ruff, Banamerica, and the GFO Defendants were able to negotiate a settlement concerning the Receiver's claim to recover the Transfers. These settlements are discussed in turn below.

### A.     The Receiver's Proposed Settlement with Angela Ruff

The Receiver and Ruff reached a settlement, which includes: (a) the settlement payment Ruff has agreed to pay to the Receiver in the amount of $10,000.00 (the "Settlement Amount"); (b) payment of the Settlement Amount in 18 monthly installments of $555.56; (c) mutual releases of any and all claims that may exist between the Receiver and Ms. Ruff at the time of entering the settlement agreement; (d) Ms. Ruff's waiver of any investor claim against the Receivership Estate; and (e) dismissal of the Receiver's claims in the FUFTA Action against Ms. Ruff. *See* Ex. A.

### B.     The Receiver's Proposed Settlement with Banamerica

The Receiver and Banamerica reached a settlement, which includes: (a) the settlement payment Banamerica has agreed to pay to the Receiver in the amount of $295,000.00 (the "Settlement Amount"); (b) payment of the Settlement Amount payable in a lump sum of $175,000.00 due by July 3, 2026, followed by 30 equal installments of $4,000.00 on or before the third day of each month starting August 3, 2026; (c) mutual releases of any and all claims that may exist between the Receiver and Banamerica at the time of entering the settlement agreement; and (d) dismissal of the Receiver's claims in the FUFTA Action against Banamerica. *See* Ex. B.

### C.        The Receiver's Proposed Settlement with the GFO Defendants

The Receiver and the GFO Defendants reached a settlement, which includes: (a) the settlement payment GFO Defendants have agreed to pay to the Receiver in the amount of $140,000.00 (the "Settlement Amount"); (b) payment of the Settlement Amount due on or before June 5, 2026; (c) mutual releases of any and all claims that may exist between the Receiver and GFO Defendants at the time of entering the settlement agreement; and (d) dismissal of the Receiver's claims in the FUFTA Action against the GFO Defendants. *See* Ex. C.

<u>**MEMORANDUM OF LAW**</u>

"The district court has broad powers and wide discretion to determine relief in an equity receivership." *SEC. v. Elliott*, 953 F. 2d 1560, 1566 (11th Cir. 1992) (citations omitted). "This discretion derives from the inherent powers of an equity court to fashion relief." *Id.* The Court's broad powers and wide discretion to determine relief in an equity receivership encompasses granting relief with respect to proposed settlement agreements. "Consequently, any 'action by a trial court in supervising an equity receivership is committed to [her] sound discretion and will not be disturbed unless there is a clear showing of abuse.'" *SEC v. TCA Fund Mgmt. Grp. Corp.*, 2022 WL 3334488, at *14 (S.D. Fla. Aug. 4, 2022) (Altonaga, C.J.) (quoting *Bendall v. Lancer Mgmt. Grp., LLC*, 523 F. App'x 554, 557 (11th Cir. 2013)), *appeal dismissed*, No. 22-13412, 2024 WL 448385 (11th Cir. Feb. 6, 2024).

"A district court reviews settlements proposed by receivers for fairness, reasonableness, and adequacy." *SEC & Exch. Comm'n v. 1 Glob. Cap. LLC*, 2018 WL 8050527, at *2 (S.D. Fla. Dec. 27, 2018) (Bloom, J.); *see Sterling v. Stewart*, 158 F. 3d 1199, 1201 (11th Cir. 1998) (approving settlement because receiver acted in good faith and conducted adequate investigation and settlement was fair); *SEC. & Exch. Comm'n v. Quiros*, 2016 WL 9254719, at *2 (S.D. Fla.

Oct. 18, 2016) (Gayles, J.) (approving settlement as fair, adequate and reasonable, and well within the range of reasonableness). "Determining fairness is left to the sound discretion of the district court." *1 Glob. Cap. LLC*, 2018 WL 8050527, at *2 (citing *Sterling*, 1158 F. 3d at 1202).

The Receiver's proposed Settlement Agreement with Ruff is reasonable. Pursuant to the Settlement Agreement, Ruff has agreed to pay the Receiver a Settlement Amount of $10,000.00 in full satisfaction of the Receiver's claims against her. *See* Ex. A § C. Although the Settlement Amount is less than the total amount of transfers Ruff received, the Receiver negotiated the settlement after conducting an evaluation of Ruff's financial circumstances and ability to satisfy a judgment. Based on that evaluation, the Receiver determined that the proposed settlement represents a practical and cost-effective recovery for the Receivership Estate. The Settlement Agreement will also expedite resolution of the Receiver's claims against Ruff, reduce litigation costs, and ensure recovery to the Receivership Estate. In addition, the Receiver secured terms that provide further benefit to the Receivership Estate, including Ruff's agreement to waive and relinquish any claim she may have against the Receivership Estate as an investor.

The Receiver's proposed Settlement Agreement with Banamerica is likewise reasonable. Pursuant to the Settlement Agreement, Banamerica has agreed to pay the Receiver a Settlement Amount of $295,000.00. *See* Ex. B § C. Although the Settlement Amount is less than the total amount of transfers received by Banamerica, the Receiver negotiated the settlement after conducting an evaluation of Banamerica's financial condition and its ability to satisfy a larger judgment. Based on that evaluation, the Receiver determined that the proposed settlement represents a meaningful recovery for the Receivership Estate while avoiding the expense, delay, and uncertainty associated with continued litigation and collection efforts. The settlement also includes additional provisions that provide substantial value to the Receivership Estate. Among

other things, Banamerica has agreed to provide investor-related information to assist the Receiver's ongoing investigation and recovery efforts and has agreed to release any claims it may have against the Receivership Estate.

Further, the proposed settlement with the GFO Defendants is reasonable. Pursuant to the Settlement Agreement, the GFO Defendants have agreed to make a one-time payment of $140,000.00 to the Receivership Estate shortly after approval of the settlement. *See* Ex. C § C. Although the Settlement Amount is less than the total amount of transfers received by the GFO Defendants, the settlement provides the Receivership Estate with an immediate and certain recovery while avoiding the expense, delay, and uncertainty associated with continued litigation. By resolving the Receiver's claims at this stage, the settlement will conserve Receivership assets and reduce additional litigation costs and attorneys' fees. The settlement also includes additional benefits to the Receivership Estate. The GFO Defendants have agreed to provide investor-related information in their possession, which will assist the Receiver in administering the claims process and pursuing additional recoveries. In addition, the GFO Defendants have agreed to release and waive any claims they may have against the Receivership Estate. *See* Ex. C.

Moreover, each of the Settlement Agreements provides the Receivership Estate with a greater degree of certainty regarding recovery on the Receiver's FUFTA claims against Ruff, Banamerica, and the GFO Defendants. By entering into the Settlement Agreements and securing agreed-upon settlement payments, the Receiver avoids the substantial risks, costs, and delays inherent in continued litigation. Even if the Receiver were to prevail at trial, additional proceedings could be required to collect on any judgment, and any recovery could be delayed by post-judgment motions, appeals, or collection challenges. The settlements eliminate those

uncertainties and provide a defined and reliable recovery for the benefit of the Receivership Estate.

In light of these benefits, the Receiver submits that the proposed Settlement Agreements are reasonable and in the best interest of the Receivership Estate.

## CONCLUSION

The Receiver respectfully requests the entry of an order substantially in the same form as the proposed order attached as Exhibit D: (a) approving the Settlement Agreements; (d) approving the proposed Settlement Amounts as defined in each Settlement Agreement; (e) authorizing the Receiver to enter into the Settlement Agreements; and (f) granting such other relief that the Court deems just and proper.

## S.D. FLA. L.R. 7.1 CERTIFICATION

In accordance with S.D. Fla. L.R. 7.1(a)(3), I certify that I conferred in good faith with counsel for the Securities and Exchange Commission and counsel for defendant Janalie Bingham, both of whom do not oppose the requested relief. The Receiver also made a good-faith effort to confer with Defendant Jean Joseph regarding the relief sought in this Motion by contacting Christian Dunham, who is identified as the point of contact for Mr. Joseph in the motion to withdraw as counsel filed by Mr. Joseph's former counsel. Mr. Dunham advised that he is Mr. Joseph's public defender in a separate matter and does not represent Mr. Joseph in this action. The Receiver has been unable to confer directly with Mr. Joseph because he is currently incarcerated. Accordingly, despite the Receiver's good-faith efforts, the Receiver was unable to obtain Mr. Joseph's position on the relief requested here.

*/s/ Amanda Fernandez*
Amanda Fernandez

9

Dated: June 11, 2026

Respectfully submitted,

**RIVERO MESTRE LLP**
*Receiver for the Receivership Defendants*
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505

By: /s/ *Andres Rivero*
    Andres Rivero
    Fla. Bar No. 613819
    arivero@riveromestre.com

## CERTIFICATE OF SERVICE

I certify that on June 11, 2026, I electronically filed this document with the Clerk of the

Court using CM/ECF. I also certify that this document is being electronically served today on all

counsel of record through CM/ECF.

/s/ *Andres Rivero*
Andres Rivero

10