# Exhibit A

SETTLEMENT AND RELEASE AGREEMENT
Page 1 of 6

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "***Settlement***") is made and entered into by and between **Andres Rivero**, as Receiver (the "***Receiver***") of Wells Real Estate Investment, LLC ("Wells"), the Receivership Entities[1], and any d/b/a, successor, affiliate, subsidiary, or other entity owned, controlled, managed, or held by, or on behalf of, or for the benefit of Wells and the Receivership Entities; and Angela Ruff (the "***Settling Party***") (the Receiver and Settling Party are each a "***Party***" and are collectively the "***Parties***").

## I.      RECITALS

*Whereas*, on August 12, 2024, the Securities and Exchange Commission ("***SEC***") filed a Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief against Wells Real Estate Investment, LLC, Janalie C. Joseph, and Jean Joseph (together, the "***Defendants***"), alleging they operated a massive real estate investment Ponzi scheme, in the United States District Court for the Southern District of Florida (the "***Receivership Court***") styled *Securities and Exchange Commission v. Wells Real Estate Investment, LLC, et al.*, case no. 80980-CV-Middlebrooks (the "***SEC Action***").

*Whereas*, on August 14, 2024, the Court entered the Appointment Order, appointing Andres Rivero, Esq., as the Receiver over Wells and all assets owned by or purchased with funds derived from investors or clients of Wells.  The Court found that the appointment of a Receiver was necessary to marshal, preserve, and recover assets derived from fraudulent activities tied to the Defendants' alleged real estate investment Ponzi scheme.  The Receiver was tasked with, *inter alia*, securing assets acquired with or otherwise traceable to investor funds, managing the Receivership Estate, and liquidating assets for the benefit of defrauded investors.

*Whereas*, the Receiver and his forensic accountants reviewed and analyzed the financial records of Wells, including their accounting records and bank account statements and those records reveal that the Settling Party received a net total of $123,089.63 from Wells (collectively, "***Transfers***").

*Whereas*, on August 1 3 , 2025, the Receiver filed a Complaint for Fraudulent Transfer and Unjust Enrichment against the Settling Party in the United States District Court for the Southern District of Florida styled, *Andres Rivero, as Receiver of Wells Real Estate Investment, LLC v. Banamerica Financial Group, Inc. et al.*, case no. 9:25-CV 81001 (the "***Transfer Action***").

*Whereas*, the Receiver and his legal counsel and Settling Party, through counsel for the Settling Party, negotiated in good faith a settlement of the Receiver's claims and any and all other

---

[1] "Receivership Entities" refers to: Cambridge Real Estate Management, LLC, 60 Yacht Club, LLC, 112 South Olive, LLC, 791 Parkside Home, LLC, 910 Parkside, LLC, 930 Parkside, LLC, 976 Palm Beach Square, LLC, 1070 Boca Raton Square, LLC, 2082 Paradise Palm, LLC, 2295 Corporate Blvd. LLC, 4050 NW LLC, 4100 Hospital Office, LLC, 4800 Federal, LLC, 7352 Valencia, LLC, 7483 Valencia, LLC, Boca Deerfield Properties, LLC, Daybreak Home, LLC, Globe Offices, LLC, Globe Property Offices, LLC, LW Square Office, LLC, Martiniqueâ Investments, LLC a/k/a Martinique's Investments LLC, Oakland Land Property, LLC, and South Olive Office, LLC.

1

SETTLEMENT AND RELEASE AGREEMENT
Page 2 of 6

claims and disputes by and between the Parties, including without limitation any claims and disputes associated with the Transfers, which settlement provides for (i) a payment by the Settling Party, (ii) mutual releases, and (iii) other terms and conditions, as more fully set forth below.

In consideration of the mutual promises, exchanges and forbearances set forth below, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

## II.      GENERAL PROVISIONS

A.      **Approval**: The Parties acknowledge and agree that this Settlement is subject to the approval of the SEC and the Receivership Court and, therefore, will not be binding until the Receivership Court enters an order approving this Agreement (the "*Approval*").

B.      **Recitals**: The Parties acknowledge and agree that the Recitals set forth in this Settlement are integral terms, are true, accurate and correct and are incorporated into this Settlement and are not mere surplusage.

C.      **Settlement Payment**: The Settling Party will pay the Receiver $10,000.00 (the "Settlement Amount") in 18 equal monthly installment payments of $555.56 each, with the final payment adjusted as necessary to satisfy the Settlement Amount in full. The first payment shall be due on July 1, 2026, and each subsequent payment shall be due on the first day of each month thereafter until the Settlement Amount is paid in full. Payment shall be made by wire transfer to the Receiver using the wire instructions that the Receiver's counsel has provided to counsel for the Settling Party.

D.      **Financial Disclosures and Warranty:** In consideration of the Receiver entering into this Settlement, the Settling Parties represent and warrant that all financial disclosures, statements, records, and other financial information provided to the Receiver and/or the Receiver's counsel in connection with the negotiation of this Settlement are true, complete, and accurate in all material respects. The Settling Parties further acknowledge and agree that the Receiver has relied upon such disclosures in agreeing to the Settlement Amount and payment terms set forth herein. In the event the Receiver determines that any such financial disclosure, statement, record, or information was materially false, misleading, incomplete, or omitted material information, such conduct shall constitute a material breach of this Settlement. Upon such breach, the Receiver shall be entitled to the immediate entry of a consent judgment against the Settling Parties in the full amount of the Transfers, less any amounts previously paid by the Settling Parties to the Receiver, together with all rights and remedies available under Section II.E. of this Settlement.

E.      **Failure to Make Settlement Payment**: Settling Party agrees that if she fails to timely pay the Settlement Amount by the Settlement Deadline as set forth in Section II.C above, then the Receiver shall be entitled to the immediate entry by the United States District Court for the Southern District of Florida of a consent judgment against Settling Party in the amount of the Transfers, less any amounts previously paid by Settling Party to the Receiver through the date of entry of the consent judgment.  In the event of such failure to pay Settlement Amount, the Settling Party (i) agrees that the Receiver may seek entry of the consent judgment through a

2

SETTLEMENT AND RELEASE AGREEMENT
Page 3 of 6

breach of Settlement filed in the United States District Court for the Southern District of Florida, (ii) agrees that the Receiver may effect service of process of a complaint against Settling Party for breach of Settlement by sending the complaint and summons to the email address of Settling Party's Counsel, (iii) agrees that the Receiver may seek entry of the consent judgment against Settling Party by filing a Verified Agreed Motion for Entry of Consent Judgment in the breach of Settlement action, with email notice to Settling Party's counsel, (iv) shall waive all defenses and affirmative defenses to, and the right to a jury trial on, the Receiver's motion and underlying claims, and (v) shall agree to the expedited entry of the consent judgment against Settling Party.

F.      **Mutual Releases**: In consideration of Settling Party entering into this Settlement Agreement, the Receiver, the Receivership Estate, and Wells shall and does release and forever discharges Settling Party from any and all claims, manner of claims, liabilities, demands, obligations, actions, causes of action, injuries, complaints, levies, fines, charges, interest, suits, debts, indebtedness, duties, obligations, rights, damages, punitive damages, attorneys' fees, costs, expenses and compensation of any nature whatsoever and of any kind, based on any legal, statutory or equitable theory, right of action or otherwise (whether arising under federal, state or local law or regulation, statute, or common law and whether by any federal, state or local taxing or regulatory authority or agency), foreseen or unforeseen, known or unknown, matured or unmatured, liquidated or unliquidated, absolute or contingent, accrued or not accrued, actual or potential, which the Receiver, the Receivership Estate, or Wells, now has or which may hereafter accrue or otherwise be acquired against Settling Party, regardless of whether any other information obtained by the Receiver after the date of this Settlement substantiates any additional claims or causes of action the Receiver could have brought against Settling Party. *This release does not include, and specifically excludes*, any claims the Receiver or the Receivership Estate has or may have against Settling Parties for, or any rights of the Receiver or the Receivership Estate based on, Settling Parties' breach of this Settlement, or the right to seek entry of the consent judgment upon such failure granted in Section II.D and II.E. above, which claims and rights are **not** released, waived or discharged.  Receiver also retains all rights to any proceedings supplementary to enforce such judgment including without limitation by seeking to garnish, levy, or execute on any property the Settling Party has a title or beneficial interest, and by asserting claims to recover assets of Settling Party transferred in contravention of applicable law following the Approval.  For avoidance of doubt, and notwithstanding any reading of this Settlement and Release Agreement to the contrary, these releases do not release claims the Receiver, the Receivership Estate, the Receivership Entity, or Wells have against or in connection with any other individuals or entities, including their insurers or reinsurers, which are not the Settling Party.

In consideration of Receiver's, the Receivership Estate's, and Wells' release and discharge of any and all claims against Settling Party required by this Settlement, Settling Party releases and forever discharges the Receiver, the Receivership Estate, Wells, and their respective attorneys, from any and all claims, manner of claims, liabilities, demands, obligations, actions, causes of action, injuries, complaints, levies, fines, charges, interest, suits, debts, indebtedness, duties, obligations, rights, damages, punitive damages, attorneys' fees, costs, expenses and compensation of any nature whatsoever and of any kind, based on any legal, statutory or equitable theory, right of action or otherwise (whether arising under federal, state or local law or regulation, statute, or common law and whether by any federal, state or local taxing or regulatory authority or agency), foreseen or unforeseen, known or unknown, direct or derivative, matured or unmatured, liquidated or unliquidated, absolute or contingent, accrued or not accrued, actual

3

SETTLEMENT AND RELEASE AGREEMENT
Page 4 of 6

or potential, which Settling Party now has or which may hereafter accrue or otherwise be acquired against the Receiver, the Receivership Estate, Wells, or their respective attorneys. regardless of whether any other information obtained by Settling Party after the date of this Settlement substantiates any additional claims or causes of action Settling Party could have brought against the Receiver, the Receivership Estate, or Wells.

G. **Waiver of Investor Claim:** Settling Party acknowledges that she invested funds with the Receivership Entities and may otherwise qualify to assert a claim as an investor or creditor in the Receivership proceeding. As part of this Settlement Agreement, Settling Party knowingly and voluntarily waives, releases, and relinquishes any right to assert, file, pursue, or recover on any claim against the Receivership Estate arising from or related to her investments with the Receivership Entities.

Settling Party further agrees that she shall not submit any proof of claim, investor claim, creditor claim, or other request for payment or distribution from the Receivership Estate. To the extent Settling Party has previously submitted any such claim, it is hereby withdrawn with prejudice. Settling Party shall not be entitled to participate in any present or future distribution from the Receivership Estate on account of her investments with the Receivership Entities.

H. **No Admission of Liability:** Nothing here shall be construed as an admission of liability by Settling Party, any such liability and the allegations of the Receiver's Complaint being expressly disputed and denied and shall never be construed as an admission(s) by Settling Party.

I. **Investor Information and Apology Letters**: Within 15 days of the execution of this Settlement Agreement, Settling Party shall provide the Receiver with a list of all clients whom Settling Party solicited, referred, or otherwise procured to invest in the Wells Real Estate Investment portfolio, together with their last known contact information, including e-mail addresses, telephone numbers, and mailing addresses, if known. Within 15 days of the execution of this Settlement Agreement, Settling Party shall send a written apology letter to each such client acknowledging and apologizing for her role in encouraging or facilitating the client's investment in the Wells Real Estate scheme. Settling Party shall copy the Receiver and Settling Party's counsel on all such correspondence. Copies shall be sent to the Receiver's counsel at arivero@riveromestre.com, afernandez@riveromestre.com, and tdiaz@riveromestre.com.

J. **Dismissal**: Within 10 days of Approval, the Parties shall file a joint stipulation for dismissal with prejudice in the Transfer Action as to the claims between the Receiver and the Settling Party.

### III.    WARRANTY OF CAPACITY TO EXECUTE SETTLEMENT

The Parties represent and warrant that no other person or entity has or has had any interest in the claims, demands, obligations or causes of action referred to in this Settlement; that the Receiver has the sole and exclusive right to receive sums specified in it; and that the Receiver have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Settlement. The Settling Party further represents that each individual or entity signing this Settlement on behalf of the Settling Party is authorized to execute this Settlement and to bind the Settling Party named in this Settlement.

SETTLEMENT AND RELEASE AGREEMENT
Page 5 of 6

## IV.      ENTIRE AGREEMENT AND SUCCESSORS-IN-INTEREST

The Parties agree that this Settlement contains the entire agreement between the Receiver and Settling Party regarding the matters set forth in it and shall be binding upon and inure to the benefit of their respective successors and assigns. There are no other understandings or agreements, verbal or otherwise, in relation to this Settlement between the Parties, except as expressly set forth in this Settlement.  There have been no representations not set forth in this Settlement that the Parties have relied upon when entering into this Settlement. Should any provision of this Settlement require interpretation or construction, the Parties agree that all Parties have participated in the drafting of this document and no presumption regarding construing the document against one Party shall apply.

## V.      PARTIES' OPPORTUNITY TO BE REPRESENTED BY COUNSEL

The Parties acknowledge that each has had the opportunity to consult with the attorney of their choice.  Furthermore, each Party to this Settlement represents and warrants that he is entering into this Settlement of his own free will, without having been subjected to any form of duress or coercion of any kind.

## VI.      EXECUTION

This Settlement may be executed in counterparts, and such execution shall be valid and binding on the Parties.  Electronic, facsimile, or PDF signatures shall be binding as originals.

## VII.    SEVERABILITY

In the event any provision of this Settlement is found to be invalid by any court of law, the remaining provisions of the Settlement shall remain valid and binding on the Parties.

## VIII.   JURISDICTION AND VENUE FOR LITIGATION OF DISPUTES

In the event of a dispute arising from or relating to this Settlement, the Parties consent, understand, and agree that the United States District Court for the Southern District of Florida, shall have exclusive jurisdiction, and be the exclusive venue, to resolve any such dispute.  The Parties further agree that the prevailing party in any litigation arising from or relating to this Agreement shall be entitled to recovery of attorneys' fees and costs from the non-prevailing party, including those incurred in bankruptcy and appellate proceedings, and proceedings supplementary necessary for execution of the judgment entered pursuant to Section II.D. above, and the amount of attorneys' fees and costs incurred in litigating the amount of such attorneys' fees and costs.

## IX. CONTSTRUCTION BY STATE LAW

This Settlement shall be governed by, construed, and enforced in accordance with the laws of the State of Florida to the extent state law is applicable, without giving effect to principles of conflicts of law.

5

SETTLEMENT AND RELEASE AGREEMENT
Page 6 of 7

entering into this Settlement of his own free will, without having been subjected to any form of duress or coercion of any kind.

## VI.        EXECUTION

This Settlement may be executed in counterparts, and such execution shall be valid and binding on the Parties. Electronic, facsimile, or PDF signatures shall be binding as originals.

## VII.   SEVERABILITY

In the event any provision of this Settlement is found to be invalid by any court of law, the remaining provisions of the Settlement shall remain valid and binding on the Parties.

## VIII.   JURISDICTION AND VENUE FOR LITIGATION OF DISPUTES

In the event of a dispute arising from or relating to this Settlement, the Parties consent, understand, and agree that the United States District Court for the Southern District of Florida, shall have exclusive jurisdiction, and be the exclusive venue, to resolve any such dispute. The Parties further agree that the prevailing party in any litigation arising from or relating to this Agreement shall be entitled to recovery of attorneys' fees and costs from the non-prevailing party, including those incurred in bankruptcy and appellate proceedings, and proceedings supplementary necessary for execution of the judgment entered pursuant to Section II.D. above, and the amount of attorneys' fees and costs incurred in litigating the amount of such attorneys' fees and costs.

## IX. CONTSTRUCTION BY STATE LAW

This Settlement shall be governed by, construed, and enforced in accordance with the laws of the State of Florida to the extent state law is applicable, without giving effect to principles of conflicts of law.

AGREED TO BY:

ANGELA RUFF

ANDRES RIVERO, AS RECEIVER FOR
WELLS REAL ESTATE INVESTMENT, LLC,
AND THE RECEIVERSHIP ENTITIES

Signature: _____

Signature: _____

Dated: ___6/2/2026___

Dated: _____

6

SETTLEMENT AND RELEASE AGREEMENT
Page 6 of 6

AGREED TO BY:

ANGELA RUFF

ANDRES RIVERO, AS RECEIVER FOR
WELLS REAL ESTATE INVESTMENT, LLC,
AND THE RECEIVERSHIP ENTITIES

Signature: _____

Signature: _____

Dated: _____

Dated: __6/2/2026__

6